IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EXCEL DIRECT, INC.,**

        Plaintiff,

    v.

**NAUTILUS INSURANCE CO.,**

        Defendant.

Civil Action 2:16-cv-446
Judge Algenon L. Marbley
Magistrate Judge Jolson

**OPINION AND ORDER**

This matter is before the Court on a Motion to Bifurcate and Stay Discovery of Bad Faith Claim filed by Defendant Nautilus Insurance Company pursuant to Federal Rule 42(b). (Doc. 14). For the reasons set forth below, the Motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Excel Direct, Inc. provides delivery and transportation of consumer products. (Doc. 1, ¶ 4). Plaintiff purchased commercial general liability insurance policies from Defendant Nautilus Insurance Company. (*Id*., ¶ 11). Liability claims have been asserted against Plaintiff, arising from a fire allegedly caused by the improper installation of a dryer. (*Id*., ¶¶ 21–22). The fire took place on April 30, 2014, at the home of Ingrid Gauer in Goleta, California, causing damage to her home, and the homes of her neighbors, including Juan Lago and Chris and Mary Jean Lem. (*Id*., ¶ 21). Two residential property claims resulted—one for Ms. Gauer's home ("the Gauer claim") and the other for the Mr. Lago's home and the Lems's home (the "State

Farm claim"). (*Id.*, ¶¶ 21–22). Plaintiff sought coverage from Defendant related to the Gauer claim and the State Farm claim, but Defendant denied coverage. (*Id.*, ¶¶ 23–30).

On May 18, 2016, Plaintiff filed a complaint against Defendant seeking declaratory judgment (Count I), breach of contract (Count II), breach of duty of good faith and fair dealings, and bad faith (Count III). (*Id.*, ¶¶ 31–59). On October 7, 2016, Defendant filed a Motion to Bifurcate and Stay Discovery of Bad Faith Claim pursuant to Federal Rule 42(b). (Doc. 14). Although the Court ordered the parties to meet and confer on Defendant's Motion (Doc. 15), they were unable to reach a resolution (Doc. 20). The Motion is now ripe for review. (*See* Doc. 23 (opposition); Doc. 26 (reply)).

## II.  RELEVANT LAW

Rule 42 of the Federal Rules of Civil Procedure provides in part as follows:

> **Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b). Bifurcation is contrary to the general rule that disputes should be resolved in a single proceeding; thus, it should be ordered only in exceptional cases. *Chubb Custom Ins. Co. v. Grange Mut. Cas. Co.*, No. 2:07-CV-1285, 2008 WL 4823069, at *2–3 (S.D. Ohio Nov. 3, 2008). "The party seeking bifurcation has the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010). A decision ordering bifurcation is within the Court's sound discretion and should be based on the particular circumstances of each case. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). Similarly, "[a] stay of discovery for any reason is a matter ordinarily committed to the sound

discretion of the trial court." *Ohio Bell Tel. Co., Inc. v. Global Naps Ohio, Inc.*, No. 2:06-cv-549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008).

**III. ANALYSIS**

In the Motion, Defendant moves this Court for an order bifurcating Plaintiff's bad faith claim and staying all discovery concerning the bad faith claim pending resolution of Plaintiff's other claims. (Doc. 14 at 2). The primary basis for Defendant's Motion is that allowing the bad faith claim to proceed simultaneously with the other claims would require it to "prematurely divulge protected and privileged materials." (*Id.* at 3).

Plaintiff opposed Defendant's Motion, arguing that bifurcation and a stay would delay a just and efficient resolution of this case and will cause it to suffer substantial prejudice. (Doc. 23 at 1). As to Defendant's claim that denial of the Motion would cause it to prematurely divulge protected and privileged materials, Plaintiff argues:

> Defendant's privilege log does not disclose the existence of any allegedly protected communication preceding [Defendant's] denial of [Plaintiff's] claim. The earliest logged communication is that of [Defendant's] in-house counsel from the very day [Defendant's] claim was denied. And that communication is with a third party—so the communication may not even be privileged (or the privilege may have been waived).

(*Id.* at 2 (emphasis in original)). Thus, Plaintiff asserts that Defendant fails to satisfy its burden of demonstrating that bifurcation and a stay are warranted under the particular facts of this case. (*Id.* at 8).

Despite admitting that Plaintiff is not currently seeking the production of material protected by the attorney-client privilege (*see* Doc. 26 at 1) (discussing Plaintiff's intent to pursue such discovery), Defendant addresses Plaintiff's assertion that a particular communication between in-house counsel and a third party may not be protected (*id.* at 3). Specifically, Defendant explains that the communication at issue was between its in-house

3

counsel and a claims professional with Vela Insurance Services ("Vela"), who reviewed and denied Plaintiff's request for coverage. (*Id.*).

However, a mere assertion of prejudice is insufficient—"a defendant must make a specific showing that the discovery will prejudice its defense." *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 WL 2788676, at *4 (S.D. Ohio 2010); *see also Woods*, 2010 WL 1032018, at *3 ("A defendant may not rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required."). Here, Defendant references a communication it contends is privileged but fails to make a specific showing of prejudice to its defense. Thus, Defendant fails to demonstrate that bifurcation and a stay are necessary. *See Woods*, 2010 WL 1032018, at *3 (denying bifurcation and stay where the production of any privileged documents was speculative, no documents had been produced for *in camera* review, and defendant did "not offer any specifics as to how it [would] be prejudiced"); *see also Penn-Starr Ins. Co. v. Barr Bros. Plastering Co., Inc.*, No. 2:10-cv-00587, 2011 WL 1256623, at *3 (S.D. Ohio Mar. 31, 2011) (denying bifurcation and stay despite examples of discovery requests that implicated the attorney-client privilege because there was no showing of "whether, or how, providing such information will prejudice" the defense of the coverage dispute).

Although Defendant's mere assertion of privilege is insufficient to require bifurcation and a stay, Defendant may guard against prejudice by specifically challenging future discovery requests that it believes improperly seek privileged documents. *Wolkosky*, 2010 WL 2788676, at *4; *see also Maxey v. State Farm Fire & Cas. Co.*, 569 F. Supp. 2d 720, 723 (S.D. Ohio 2008) (finding that, although a stay of discovery and bifurcation of insured's bad faith and conspiracy claims from his breach of contract claims was not warranted because it was based on "mere

assertions," defendants were free to challenge the production of privileged materials to prevent prejudice). Thus, if Plaintiff seeks documents that Defendant believes are protected by the attorney-client privilege, it may challenge such document requests pursuant to the applicable Federal Rules of Civil Procedure and S.D. Ohio L.R. 37.1 to prevent prejudice. *See Woods*, 2010 WL 1032018, at *4; *Penn-Starr Ins. Co.*, 2011 WL 1256623, at *3. Defendant may also request an *in camera* review of any disputed documents. *Penn-Starr Ins. Co.*, 2011 WL 1256623, at *3.

Considering the benefits and detriments to each party that would be caused by bifurcation and a stay, in addition to the Court's interest in reaching a just and efficient resolution of this case, the Court, in its discretion, **DENIES** Defendant's Motion.

### IV.    CONCLUSION

Based on foregoing, Defendant's Motion to Bifurcate and Stay Discovery is **DENIED**. (Doc. 14).  The denial of Defendant's Motion is without prejudice to re-filing if, at the close of discovery, Defendant can demonstrate that it will suffer prejudice in the event the coverage and bad-faith claims are tried together.

### V.    MOTION FOR RECONSIDERATION

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Fed. R. Civ. P. 7(b).  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this

Order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

IT IS SO ORDERED.


Date: January 13, 2017                        /s/ Kimberly A. Jolson
                                              KIMBERLY A. JOLSON
                                              UNITED STATES MAGISTRATE JUDGE